IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Manuel C.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 25 C 218 |
| v. ) | |
| ) | Magistrate Judge |
| FRANK BISIGNANO, ) | Maria Valdez |
| Commissioner of Social Security, ) | |
| [2] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Manuel C.'s claims for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 14] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Frank Bisignano is substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On July 20, 2010, Plaintiff filed an application for DIB, alleging disability since February 13, 2003, due to arthritis, gout, and being status-post total left hip replacement. His date last insured ("DLI") was March 31, 2009. The claim was initially denied on October 27, 2010 and upon reconsideration on February 10, 2011, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 20, 2012. The ALJ denied Plaintiff's claim on December 21, 2012. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). Plaintiff filed a complaint for judicial review and this Court revered and remanded Plaintiff's case for further proceedings on June 20, 2016.

A remand hearing before a new ALJ was held on December 19, 2017. That ALJ again denied Plaintiff's claim on March 6, 2018, the Appeals Council again denied Plaintiff's request for review, and Plaintiff again filed a complaint for judicial review. On August 17, 2021, this Court again reversed and remanded.

A third hearing was held before the second ALJ on April 27, 2022 and she again denied Plaintiff's claim on May 4, 2022. Importantly, while the second ALJ had previously limited Plaintiff to sedentary work, this time she found that he could perform light work. The Appeals Council again denied Plaintiff's request for review and Plaintiff again filed a complaint for judicial review. On July 31, 2023, this Court yet again reversed and remanded.

After the third remand, a new ALJ held another hearing on August 16, 2024. Plaintiff appeared telephonically and testified at the hearing and was represented by counsel. Vocational expert ("VE") Saretha Bonner also testified. This third ALJ again denied Plaintiff's claim, finding that he could perform light work. Plaintiff filed the instant complaint for judicial review on January 6, 2025.

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of February 13, 2003 through his DLI of March 31, 2009. At step two, the ALJ concluded that Plaintiff had the following severe impairments: gouty arthritis; degenerative joint disease of the left hip with history of avascular necrosis, status-post total left hip replacement; mild degenerative joint disease of the right hip; degenerative joint disease of the bilateral knees; degenerative joint disease of the left foot; and degenerative joint disease of the hands.. The ALJ concluded at step three that his impairments, alone

3

or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform light work with the following additional limitations: can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs; can occasionally stoop, kneel, crouch, and crawl; can frequently use the bilateral upper extremities to push, pull, reach, handle, and finger; can never perform work around extraordinary hazards such as unprotected heights and exposed moving mechanical parts; can tolerate no more than occasional, concentrated exposure to extreme cold or heat, as well as vibration..

At step four, the ALJ concluded that Plaintiff had no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could have performed jobs existing in significant numbers in the national economy during the relevant time period, leading to a finding that he was not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is

4

the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.    JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478

5

F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

6

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for two reasons: (1) the ALJ erred in finding that Plaintiff could sustain the walking and standing required for light work; and (2) the ALJ erred in finding that Plaintiff could perform fine and gross manipulation with both upper extremities for up to two-thirds of a typical workday. Plaintiff also asks this Court to remand this case for an award of benefits

7

rather than for further development given that it has now been heard four times before three ALJs and, according to Plaintiff, was decided wrong four times.

In advancing his fist argument, Plaintiff notes that the first two times this case was heard, the ALJs found that Plaintiff could only perform sedentary work because of Plaintiff's severe gouty arthritis, mild degenerative joint disease of the right hip and status-post total left hip replacement, degenerative joint disease of both knees, and degenerative joint disease of the left foot, which precluded Plaintiff from being able to walk and stand for up to six hours a day. Plaintiff highlights a bevy of evidence he claims supports disability, but argues that the ALJ cherry picked the evidence in reaching the conclusion that Plaintiff could stand and walk for the majority of the workday.

Defendant explains that the ALJ relied on medical expert Dr. Munoz's opinion. During the first hearing in 2012, Dr. Munoz testified that he reviewed Plaintiff's medical records from his alleged onset date through his DLI, including all the evidence to which Plaintiff points in support of a finding of disability, and opined that Plaintiff could have performed light work. The ALJ gave Dr.'s Munoz's opinion great weight because it was supported by Plaintiff's treatment record, and he adopted Dr. Munoz' findings, although he provided additional restrictions to account for Plaintiff's upper extremity impairments.

As an initial matter, just because this ALJ found that Plaintiff could perform light work when prior ALJs found that he could only perform sedentary work, it does not follow that this ALJ was wrong. ALJs are free to rely on medical expert

8

opinions. *See Migdalia M. v. Saul*, 414 F. Supp. 3d 1126, 1134 (N.D. Ill. 2019). Because the ALJ adopted Dr. Munoz's opinion, and Dr. Munoz relied on Plaintiff's medical records from the relevant time period, the ALJ's finding that Plaintiff could stand and walk for the majority of the workday was supported by substantial evidence, and this Court is not permitted to reweigh the evidence. *See Skinner*, 478 F.3d at 841. Moreover, in addition to giving great weight to Dr. Munoz's opinion, the ALJ discussed Plaintiff's medical record at length, including the evidence that weighs against the ALJ's finding. Therefore, the ALJ did not cherry-pick the evidence in reaching his conclusion.

In advancing his second argument, Plaintiff claims that the fact that the ALJ acknowledged that Plaintiff's hand impairments caused limitations, but nonetheless found that Plaintiff could perform fine and gross manipulations with both upper extremities for up to six hours a day, demonstrates that the ALJ erred. But unlike the immediately prior ALJ's decision regarding Plaintiff's hands, this ALJ included manipulative restrictions in his RFC finding. Namely, the ALJ limited Plaintiff to only frequent pushing, pulling, reaching, handling, and fingering to accommodate Plaintiff's gouty arthritis and degenerative joint disease. The ALJ also explained how he weighed the medical evidence, noting that while Plaintiff experienced swelling in his hands, Plaintiff did not experience pain or tenderness and experienced no swelling, pain, or limitations in range of motion in his shoulders, elbows, or wrists. Factoring in all of this, the ALJ concluded that Plaintiff should be entitled to some limitations but not others. The ALJ's decision was based on

substantial evidence and this Court may not reweigh that evidence or substitute its judgment. *See Skinner*, 478 F.3d at 841.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 14] is denied.

**SO ORDERED.**  **ENTERED:**

**DATE:** **September 5, 2025**

*Maria Valdez*
**HON. MARIA VALDEZ**
**United States Magistrate Judge**

10